J-S27012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW JEFFREY SIPPS | |
| Appellant | No. 443 EDA 2022 |

Appeal from the PCRA Order Entered January 10, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0002590-2017

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:               **FILED SEPTEMBER 28, 2022**

Appellant, Matthew Jeffrey Sipps, appeals from an order denying his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. The lone argument in his brief is that trial counsel was ineffective for failing to move for a mistrial or consult with Appellant after the judge in his jury trial for sexual offenses became ill and had to be replaced by a new judge for the jury charge and sentencing. We affirm.

On December 2, 2016, Appellant was charged with concealment of the whereabouts of a child (two counts), corruption of minors (two counts) and patronizing a victim of sexual servitude. Appellant waived his right to a preliminary hearing in exchange for withdrawal of the charge of patronizing a victim of sexual servitude contingent on a non-trial disposition. This charge was reinstated when Appellant decided to proceed to trial.

The evidence adduced during trial in September 2017 demonstrated that the minor victim, V.M., met Appellant through an advertisement placed by Ray Justis on Backpage.com depicting V.M. scantily clad in lingerie in a provocative pose with the following caption: ". . . I'm on spring break looking to go wild.  I am looking for an [sic] generous man to make me got [sic] wild!  Any men up for the challenge?  I am doing In calls/out calls [sic]."  Appellant had sexual intercourse with V.M. on three occasions at a New Jersey hotel and paid Justis $500.00 for each encounter.  After the third encounter, Appellant learned that Justis was holding V.M. against her will.   Appellant proceeded to move V.M. to his home in Aston for approximately a month and a half, where she was confined without any contact with the outside world except Appellant's family.  During this time, Appellant did not contact V.M.'s parents or call local authorities.

Trial began on September 6, 2016.  On September 7, 2017, the parties finished presenting evidence, and counsel for both parties presented closing argument.  The trial judge, the Honorable James Nilon, started to charge the jury but suddenly became ill and paused the proceedings.  At around 5:30 in the afternoon, the President Judge, the Honorable Kevin Kelly, met with counsel and all parties agreed to continue with Judge Kelly presiding.  The following morning, September 8, 2018, Judge Kelly restarted the charge from the beginning and gave the entire charge to the jury without objection by either party.  Judge Kelly also accepted the verdict from the jury, a finding of guilt on all charges.

On October 30, 2017, the court granted defense counsel's motion to withdraw. On January 18, 2018, Judge Kelly sentenced Appellant to one to five years' imprisonment plus five years' consecutive probation. Appellant filed timely post-sentence motions, which were denied on June 5, 2018. Appellant timely appealed, and on December 31, 2019, this Court affirmed his judgment of sentence. On June 30, 2020, our Supreme Court denied Appellant's petition for allowance of appeal.

On July 31, 2020, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel for Appellant, who filed an amended PCRA Petition on March 30, 2021. Following an evidentiary hearing, on January 10, 2022, the court denied the PCRA petition. Appellant timely appealed to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

> Whether the PCRA Court erred in denying [Appellant's] PCRA petition where the record clearly showed that [Appellant] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when trial counsel erred by failing to make a motion for a mistrial and further failing to consult his client regarding the filing of said motion, after the trial judge became ill and was unable to proceed and was replaced with a new judge for the jury charge and sentencing?

Appellant's Brief at 5.

> When reviewing the propriety of an order pertaining to PCRA relief,
>
> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in

the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

A petitioner who alleges ineffective assistance

will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). Prejudice, in the context of ineffective assistance claims, requires proof of a reasonable probability that but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Kimball*, 724 A.2d 326, 331 (Pa. 1999). The petitioner's failure to satisfy any of the three prongs requires rejection of his ineffective assistance claim. *Commonwealth v. Ly*, 980 A.2d 61, 74 (Pa. 2009).

During the PCRA evidentiary hearing, Appellant testified that he questioned defense counsel why a new trial was not granted when Judge Nilon became ill, and counsel replied that he had already made the decision to resume trial with Judge Kelly. NT 1/6/22, at 22. Appellant maintains that trial counsel was ineffective for (1) failing to confer with him before agreeing to resume trial with Judge Kelly after Judge Nilon fell ill, and (2) failing to move for a mistrial when Judge Nilon could no longer proceed with trial. We agree with the PCRA court that this claim fails due to lack of arguable merit and lack of prejudice.

The defendant is entitled to a fair trial, not a perfect one. *Commonwealth v. Laird*, 119 A.3d 972, 986 (Pa. 2015). An ineffectiveness claim will not succeed where a petitioner claims, with the benefit of hindsight, that counsel could have conducted the trial differently. *Id.*

The procedural rule governing mistrials, Pa.R.Crim.P. 605, provides in relevant part, "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(B). A mistrial "is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Commonwealth v. Caldwell*, 117 A.3d 763, 774 (Pa. Super. 2015). A motion for mistrial is a

matter addressed to the discretion of the court. *Commonwealth v. Jones*, 668 A.2d 491, 502–03 (Pa. 1995).

An attorney has a duty to consult with his or her client regarding important decisions, including questions of overarching defense strategy, whether to plead guilty, whether to waive a jury, whether to testify and whether to take an appeal. *Commonwealth v. Brown*, 18 A.3d 1147, 1158 (Pa. Super. 2011). On the other hand, an attorney does not have a duty to obtain the defendant's consent to "every tactical decision." *Id.*

Presently, defense counsel had no duty to consult with Appellant or obtain Appellant's consent before counsel decided to resume trial with Judge Kelly. At the time Judge Nilon became ill, both parties had presented all their evidence and had given closing arguments. All that defense counsel had to decide was whether to object to Judge Kelly giving the jury charge and taking the verdict instead of Judge Nilon. Counsel's decision to accept Judge Kelly's performance of these duties was a tactical determination that counsel had latitude to make without consulting with his client.

Appellant cites *Commonwealth v. Robson*, 337 A.2d 573 (Pa. 1975), for the proposition that a trial judge's illness can necessitate a mistrial. *Robson*, however, is materially distinguishable from the present case. The trial judge in *Robson* fell ill one week after the defendant's trial for voluntary manslaughter began, before completion of the Commonwealth's case. The president judge continued trial for six days. After six days elapsed, the court

ordered a mistrial because the original judge needed several more weeks before he could resume his duties, making it unfair to both parties and the jury to continue proceedings any further. The defendant was retried and convicted after a second trial. The Supreme Court upheld the conviction, reasoning that "illness of the judge preventing continuation of the trial for a period of several weeks at the least constitutes manifest necessity for the declaration of a mistrial." *Id.*, 337 A.2d at 577. In contrast, in the present case, Judge Nilon's illness did not occur in the middle of a lengthy trial. Judge Nilon's illness took place near the end of a relatively short trial, following the close of evidence and closing argument. Judge Nilon's illness caused minimal interruption, because trial resumed the following morning with Judge Kelly presiding. Moreover, Judge Kelly's substitution did not in any way impair the quality of justice provided to Appellant. There were no difficult issues for Judge Kelly to decide; all that he had to do was charge the jury and accept the verdict. Although complications can and sometimes do arise during these processes, none arose here. Judge Kelly read the charge to the jury without objection by either party, and he presided over the verdict without incident.

*Robson* demonstrates that a mistrial is proper when a judge's illness causes a serious interruption in the presentation of evidence. The circumstances in this case, however, do not resemble *Robson* in any way. As the Commonwealth correctly observes, the transition from Judge Nilon to

Judge Kelly was "seamless," Commonwealth's Brief at 8, and caused no prejudice to Appellant.

Appellant also seems to suggest that defense counsel should have used Judge Nilon's illness as an opportunity for demanding a mistrial due to other unrelated incidents earlier in the trial. Judge Nilon, Appellant observes, gave two cautionary instructions during trial in response to testimony by Commonwealth witnesses, and defense counsel had moved for a mistrial due to the testimony of one of these witnesses. Therefore, Appellant continues,

> [c]onsidering the number of cautionary instructions given by the court and defense counsel's earlier motion for a mistrial, it is clear that Appellant would have wanted the court to declare a mistrial when the Trial Judge was unable to finish the trial. Had counsel moved for a mistrial, Appellant would have been given the opportunity for a new trial in which the prejudicial testimony would not have been allowed.

Appellant's Brief at 14. We do not consider this a proper basis for seeking a mistrial. In order to obtain a mistrial on the basis of Judge Nilon's illness and Judge Kelly's substitution, Appellant had the burden of demonstrating that these events were **themselves** prejudicial. Pa.R.Crim.P. 605(B). As discussed above, Judge Nilon's illness and Judge Kelly's substitution were not themselves prejudicial to Appellant. He cannot use these events as a pretext for seeking a mistrial in the hope of remedying unrelated events, such as the testimony of Commonwealth witnesses.

For these reasons, we conclude that the PCRA court properly dismissed Appellant's PCRA petition due to the absence of arguable merit and prejudice.

As a result, we need not examine the other **Pierce** prong of reasonable basis.

**Ly**, 980 A.2d at 74.

Order affirmed.

Judge Sullivan joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022